ORIGINAL    CV 15    2978

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Brad Ralin

                         Plaintiff

            -Against -

The City of New York,                                    **COMPLAINT**    MATSUMOTO, J.
The New York City Department of Finance,
The New York City Police Department,
Michael Sileo, Officially and Individually,              **PLAINTIFF DEMANDS**
J.A. Hunte, Officially and Individually                  **TRIAL BY JURY**    GOLD, M.J.
R. Simmons, Officially and Individually
John and Jane Doe, Officially and Individually
                         Defendant(s)
-------------------------------------------------------x

RECEIVED
MAY 21 2015
PRO SE OFFICE

## PLAINTIFF'S COMPLAINT

**NOW COMES** the Pro Se Plaintiff, Brad Ralin, on information, belief and established
facts, and for his causes of action against all named and unnamed Defendants states the
following:

## STATEMENT OF THE CASE

1. The City of New York, their agencies and agents : The New York City
   Department of Finance,The New York City Police Department, The New York City
   Department of Transportation, their Police Officers, Traffic Enforcement Agents,
   Parking Control Specialists, and other unknown agents have embarked on a long term
   pattern of harassment against Brad Ralin by committing perjury and falsely accusing
   Plaintiff under color of law for violating NYC Traffic rules: Violation Code 83 Traffic
   Rule 4-08 § (j)(1) for an improper registration - commercial vehicle for having no rear
   seat**S** (plural) etc.

2. The City of New York, their agencies and agents have conspired and engaged
   in an illegal ticket quota enterprise. The illegal ticket quota policy, practice and
   enterprise uses threats, extortion, perjury and asset / property confiscation to raise
   revenues from the public.

3. NYPD agents have come foward and testified under oath to expose the ticket quota

1

enterprise. New York City  Police Benevolent Association press release campaign " Dont Blame The Cop " outlines The New York City Police Department threatening officers with demotion and firing for not meeting ticket quotas. Eight year NYPD veteran Andrew Schoolcraft was fired and forced into a mental institution in retaliation for exposing the ticket quota enterprise. There are many agents of the City of New York who can testify under oath as to the policy and practice of the illegal ticket quota enterprise.

4. For approximately 15 years the City of N.Y. and their agents have committed perjury under the color of law falsely claiming Plaintiff has an improperly registered vehicle. Plaintiff's Ford E150 Passenger vehicle (VIN# 1FTEE14Y9PHA79791) modified van is a properly registered passenger van as defined under New York State Department of Motor Vehicles Rule and Regulation 106.3.d.

5. NYC Department of Transportation has three definition requirements for a vehicle to be classified as a commercial vehicle: " Pursuant to Section 4-01(b) of the <u>New York City Traffic Rules</u>, a *commercial vehicle* is defined as the following:
   For the purposes of parking, standing and stopping rules, a vehicle shall not be deemed a commercial vehicle or a truck unless:

   - it bears commercial plates, **and**
   - it is permanently altered by having all seats and seat fittings, except the front seats, removed to facilitate the transportation of property, except that for vehicles designed with a passenger cab and a cargo area separated by a partition, the seating capacity within the cab shall not be considered in determining whether the vehicle is properly altered; **and**
   - it displays the registrant's name and address permanently affixed in characters at least three inches high on both sides of the vehicle, with such display being in a color contrasting with that of the vehicle and placed approximately midway vertically on doors or side panels. "

   Plaintiff's vehicle does not meet any of the three definition requirements under "section 4-01(b) to be classified as a commercial vehicle. Over approximately a 15 year period Plaintiff has successfully defended and had all of approximately 50+ improper registration commercial vehicle NOPV's Dismissed.

6. The City of New York and their agents have directed their agents to engage in perjury, commit violations under Color of Law to extort, harass and seize Plaintiff's assets. Said ticket quota policy and practice violates Plaintiff's constitutional rights, right to travel freely, rights of due process, is an abuse of process and violations under color of law. Defending and trying to stop the " enterprise " is a full time job causing great emotional distress, time and financial resources.  Plaintiff seeks to recover damages and obtain a restraining order to stop the " enterprise " from the further issuance of improper registration - commercial vehicle NOPV's  and from engaging in the policy and practice of ticket quotas.

7. The City of New York, their agencies and agents' policy and practice of illegal ticket quotas extort and loot the public constituting an enterprise and are violations under " RICO " for racketeering and the " Hobbs Act ".

## JURISDICTION AND VENUE

8. The following jurisdictional and venue claims merit this Complaint to be afforded judicial review on behalf of Plaintiff.

9. Jurisdiction is based upon:

a) The Jurisdiction of this court is invoked pursuant to 18 U.S.C. §242 for Color of Law violations.

b) The Jurisdiction of this court is invoked pursuant to 18 U.S.C. §245 for Color of Law Violations.

c) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. §1983 for Color of Law Violations

d) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. §1983 for Intentional Infliction of Emotional Distress.

e) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. §1983 for Negligent infliction of Emotional Distress.

f) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. §1983 for Malicious Prosecution.

g) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983 for Abuse of Process.

h) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. §1983 for Slander

i) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983 for Defamation.

j) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1983 for libel.

k) The Jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1988 for Costs, Fees and Attorneys Fees.

l) The Jurisdiction of this court is invoked pursuant to 18 U.S.C. § 1961-68 for violations under "RICO "- Racketeering.

m) The Jurisdiction of this court is invoked pursuant to 18 U.S.C. § 1951 for violations under the Hobbs Act.

n) The acts of the Defendants occurred in the Eastern District and venue is based on 28 U.S.C. § 1391(b).

o) This is a Civil Right Action seeking damages for Defendants' violations of Plaintiff's rights, privileges, and immunities under the United States Constitution as amended and the Civil Rights Act of 1871 and New York State Common Law.

p) The Jurisdiction of this Court invoked pursuant to Quo Warranto under the 9th, 5th and 14th Amendment to the Constitution of the United States.

## PARTIES

10. Pro Se Plaintiff, Brad Ralin - 65-09 99th Street Flushing, New York 11374 is a resident of Queens in the State of New York.

11.a) Defendant, The City of New York c/o NYC Law Department Corporation Council 100 Church Street 4th Floor New York, N.Y. 10007 is a Municipal Corporation existing under the laws of the State of New York and employs all Defendants.

b) Defendant, The New York City Police Department 1 Police Plaza Room 1406 New York, N.Y. 10038 c/o NYC Law Department Corporation Council 100 Church Street 4th Floor New York, N.Y. 10007 is a City Government Agency / Municipal Corporation.

c) Defendant, The New York City Department of Finance 66 John Street  Room 104 New York, New York 10038 NYC Law Department Corporation Council 100 Church Street 4th Floor New York, N.Y. 10007is a City Government Agency / Municipal Corporation.

d) Defendant, Michael Sileo - NYPD Commanding Officer - of unknown address c/o New York City Police Department Queens North Enforcement 135-20 32nd Avenue Flushing, New York 11354 is, and at all times relevant to this action was, a Commanding Officer - Manager of the New York City Police Department and acted under the color of city and state law. Michael Sileo is a resident of unknown / New York State. Michael Sileo is being sued in both his official and individual capacity.

e) Defendant, J.A. Hunte - tax registry # 357087 of unknown address c/o The New York City Police Department / Queens North Enforcement 135-20 32nd Avenue, Flushing, New York 11354 is, and at all times relevant to this action was, a Traffic Enforcement Agent of the New York City Police Department and acted under the color of city and state law. J.A. Hunte is a resident of unknown / New York State. J.A. Hunte is being sued in both his/her official and individual capacity.

4

f) Defendant, R. Simmons - tax registry 357687 of unknown address c/o The New York City Police Department / Queens North Enforcement 135-20 32nd Avenue, Flushing, New York 11354 is, and at all times relevant to this action was, a Traffic Enforcement Agent of The New York City Police Department and acted under the color of city and state law. R. Simmons is a resident of u unknown / New York State. R. Simmons is being sued in both his/her official and individual capacity.

g) John and Jane Doe of unknown address c/o NYC Law Department Corporation Council 100 Church Street 4th Floor New York, N.Y. 10007 are agents of the City of New York. John and Jane Doe are residents of unknown, New York State. John and Jane Doe are both being sued in both his / her official and individual capacities.

## SUMMARY OF FACTS

12. Plaintiff is the legal owner of a 1993 Ford Econoline E150 Van. Plaintiff's van is a properly registered " passenger " van in accordance with **NYS Department of Motor Vehicle regulation - 106.3.d** - by having a) one rear window on the driver's side and b) one seat permanently installed behind the driver.

13. Since approximately 2000 the City of New York their agencies and agents have perjuriously accused Plaintiff under color of law for parking a commercial vehicle in violation of NYC Traffic rules -violation Code 83 Traffic Rule 4-08 § (j)(1) for an improper registration for having no rear seats etc. Each " Notice of Parking Violation" summons states: " I affirm under the penalty of perjury (Penal Law 210.45) that i personally observed the offense charged above; if the operator was present, i wrote the operator's name above or marked the " ID Refused " box and personally served this Notice upon him/her. If NO name appears above and the ID Refused is not marked, I affixed this notice to the vehicle".. Plaintiff has successfully defended and had dismissed all of approximately 50+ perjuriously issued improper registration commercial vehicle NOPV's.

14. New York City defines a commercial vehicle by having three physical characteristics: " Pursuant to Section 4-01(b) of the New York City Traffic Rules, a *commercial vehicle* is defined as the following:

For the purposes of parking, standing and stopping rules, a vehicle shall not be

deemed a commercial vehicle or a truck unless:

- it bears commercial plates, **and**
- it is permanently altered by having all seats and seat fittings, except the front seats, removed to facilitate the transportation of property, except that for vehicles designed with a passenger cab and a cargo area separated by a partition, the seating capacity within the cab shall not be considered in determining whether the vehicle is properly altered; **and**
- it displays the registrant's name and address permanently affixed in characters at least three inches high on both sides of the vehicle, with such display being in a color contrasting with that of the vehicle and placed approximately midway vertically on doors or side panels. "

NYC Traffic rule 4-01(b) requires under the penalty of perjury that a vehicle bear commercial plates for it to be classified as a commercial vehicle. As such, Under NYC Law the lack of commercial plates does not allow for the issuance of an improper registration - commercial vehicle NOPV.

15. Plaintiff's vehicle does not bear commercial plates **and**, does not have all rear seats removed - ie. does have one permanently installed rear auto seat with safety belt bolted to the floor in the rear of the vehicle behind the driver's seat, **and** does not display any writing on the side of the vehicle.

16. Since 2000 Plaintiff has made many hundreds of complaints concerning the perjurious issuance of said NOPV's under color of law to include: Mayor Bloomberg, Mayor Bill De Blasio, Public Advocate De Blasio, Public Advocate Leticia James, NYC Dept. of Finance Chief Administrative Judges, NYC Dept. of Investigation, Commissioner of Internal Affairs Charles Campisi, NYC DOT Commissioner, NYPD Commissioner's Bratton and Kelly, and numerous NYPD officials and agents including Queens Traffic North Commander - Michael Sileo. No action has been taken to punish or terminate the employment of City of New York agents for committing perjury by falsely claiming to have observed plaintiff violating vehicle registration laws. Instead said agencies and agents have obstructed investigations, libel slandered and defamed Plaintiff and refused to do an competent thorough independent investigation.

17. On one occasion in April 2004, Bruno Iciano NYC DOT agent issued 2 perjurious NOPV's falsely claiming that Plaintiff had an improper registration - commercial vehicle for no rear seats. Plaintiff caught Bruno Iciano in the street on film moments after the 2nd NOPV was issued. Plaintiff advised Iciano on film that a rear auto seat was present and demanded that he stay on the scene and observe the seat for which he refused. Iciano fled the scene when told police were being called after committing another crime by identifying himself as "LuLu". Video tapes were sent to NYC DOI Commissioner- Rose Gill Hearn and Internal Affairs - Charles Campisi. All City agents who were provided with the film and complaint refused to take any action against Bruno Iciano or to stop the perjurious issuance of NOPV's.

18. Another Traffic Enforcement agent named Janet Hayward issued three perjurious NOPV's against Plaintiff falsely claiming the vehicle was a commercial vehicle after her supervisor Ida Terry claimed she told Hayward to not issue further improper registration summonses. Ida Terry was tape recorded stating she advised Hayward that Plaintiff's vehicle was a lawfully registered passenger vehicle before show NOPV's.

19. On another occasion, Supervising Administrative Law Judge Alan Patricoff the infamous husband of NYC Dept. of Finance Assistant Commissioner - Rochelle Patricoff was filmed stating after being shown evidence of Plaintiff's rear auto seat that he " does not care " . After Plaintiff complained to Patricoff that his subordinate was corrupt by refusing to acknowledge recently filmed pictures of the rear auto seat and ruling against him, Patricoff first asked Plaintiff to show him the pictures in the camera and then admitted he did not care and was not looking. Said encounter was recorded on video and fowarded to the Mayor and the NYC DOI. No action was taken and it was discovered that NYC DOI - Vincent Green ironically co-chaired a corruption task force with his wife Rochelle Patricoff. It was later reported that Alan Patricoff was investigated for padding his time sheets to fraudulently increase his Administrative Law Judge fees. Plaintiff, after a long and expensive appeal process had Patricoff's subordinate's corrupt decision overturned in Plaintiff's favor.

20. Defendant R. Simmons Issued  four knowingly false and perjurious NOPV's against Plaintiff for having an improper registration - commercial vehicle - no rear seats. On September 8, 2012 R. Simmons issued NOPV # 70913154443. On September 22, 2012 R. Simmons issued nopv #7192692657. On or about September 24, 2012 Plaintiff brought his vehicle to " Queens Traffic North " to be inspected by Defendant Michael Sileo and his subordinate Harjinder Singh. Both Sileo and Singh observed the rear auto seat from the outside of the vehicle but refused to enter the vehicle and inspect underneath the seat to determine how the seat was installed. Plaintiff was assured at the inspection that all traffic agents would be instructed that Plaintiff's vehicle was a properly registered passenger vehicle and that no further NOPV's would be issued against Plaintiff's vehicle. Plaintiff's request for a letter confirming the vehicle inspection, findings and actions were refused.

21. Despite Sileo and Singh's assurances that R. Simmons would be ordered to not issue further NOPV's , R. Simmons  subsequently issued two more NOPV's for " NO Rear Seats " under the Color of Law. No law requires rear seats. The law only requires one seat or set of seat fittings. NYC has 3 physical commercial vehicle definition characteristic requirements as stated above which are not present in Plaintiff's vehicle. Again on September 27, 2013 R. Simmons issued NOPV # 7128293164 and on March 1, 2014 R. Simmons issued NOPV #7154339731. All four NOPV's issued by R. Simmons were dismissed by an Administrative Law Judge based on

photographic evidence of one permanently installed rear auto seat. R. Simmons committed perjury by falsely claiming under the Color of Law that Plaintiff violated NYS /NYC vehicle registration laws. As a result of said perjury Plaintiff was forced to appear before a judge to testify under oath or face the threat of fines, asset confiscation, asset sale and threat to his ability to travel freely in his legally registered vehicle.

22. On March 1, 2014 TEA R. Simmons tax reg# 357687  issued his/her 4th perjurious NOPV # 7154339731 at 99th Street / 66th Avenue 11374 falsely claiming that Plaintiff was in violation of NYC traffic rule 4-08(j)(1)  for no rear seats. NYC Traffic rule 4-01(b)  has 3 requirements none of which applies to Plaintiff's vehicle. Plaintiff has one permanently bolted rear sear behind the driver's seat. Michael Sileo has stated that R. Simmons was told in 2012 not to issue improper registration summonses on Plaintiff's vehicle. R. Simmons has issued 2 additional improper registration NOPV's after allegedly being ordered by Sileo not to do so. Said conduct is harassment and has caused Plaintiff emotion distress, is a waste of  time and resources and a violation of Plaintiff's constitutional rights, and evidence of a ticket quota policy and practice enterprise etc.

23. On March 17, 2014, NOPV # 7154339731 was dismissed. The decision and order by Administrative Law Judge Maria R Dospenza .. states - " respondent submits documentary evidence in support of claim that vehicle is properly equipped with permanent rear seat. dismissal warranted.".

24. Despite Plaintiff's March 6, 2014  NYPD Internal Affairs complaint log # 2014 - 8088 against  R. Simmons for perjury and illegal ticket quotas, no action has been taken against Simmons for her criminal conduct.

25. On August 26, 2014 at 9:14 am at 65-10 99th Street , TEA J.A. Hunt command t-401 tax reg # 357087 issued a fraudulent and perjurious NOPV # 8000828017 for an improper registration of Plaintiff's passenger van vehicle lic. plate AME8106 for improper registration for " backseats faced wrong, no seat belt, not bolted, no rear seats" in violation of NYC traffic rule 4-08(j)(1). No law requires rear seats (only 1 seat or set of seat fittings is required). Hunte didn't have access to the vehicle to make any basis for a claim of an observance of no seat bolts. Hunte also claims no rear seats while at the same time perjuriously claims that there are backseats faced the wrong way which even if present is not a violation the law. There is also a seat belt on the rear auto seat which was clearly visible to Hunte. Hunte committed perjury in violation of NYS Penal Law 210.45 by not observing said violations. Michael Sileo and NYPD internal affairs were sent dated pictures of the bolted rear seat via email and notified on the telephone on or about August 26, 2014 @  approx 11:30am. Michael Sileo refused to withdraw the summons and refused to respond in writing

8

with proof that said NOPV was withdrawn. On August 27, 2014 ALJ Steven Gaynor
dismissed said bogus summons. Decision and Order dated August 27, 2014
was attached in an email to Michael Sileo.

26. It is commonly known established fact that The City of New York and their agencies
and agents collude, conspire, coerce, extort and retaliate through their policy/ practice
and engagement in an illegal ticket quota enterprise. Numerous NYPD officers have
given sworn testimony as to its existence as reported on the NYC Police Benevolent
association - " Dont Blame The Cop Campaign ". The sole purpose of the
" enterprise " is to loot revenue from the public. Other NYPD veterans such as Adrian
Schoolcraft have been retaliated against and fired for whistleblowing and exposing
this illegal enterprise's ticket quota racket. The NYPD went so far as to involuntarily
commit Schoolcraft to a mental institution in an attempt to silence him. Many NYPD
officers will be subpoenad to provide sworn testimony and evidence of the illegal
ticket quota enterprise.

27. Another example of the illegal act's by the NYC Dept. of Finance's enterprise was the
ignoring of Plaintiff's written request for an in person appeal hearing for NOPV #
1310991844 in September 2011. In a desperate attempt to find find Plaintiff guilty
after his whistleblowing complaints, on September 20, 2011, a panel of 2 enterprise
judges ignored evidence and rubberstamped a guilty verdict on appeal. Then on
October 11, 2011 after complaints to Chief ALJ Mary Gotsopoulis, the Commissioner
of the NYC Dept of Investigation Rose Gill Hearn and NYC Dept.of Finance
Commissioner David Franks, the Plaintiff was granted an in person appeal hearing.
The mail in appeal decision of September 20, 20111 which found Plaintiff guilty was
made to mysteriously disappea. A new decision without explanation other than a
pro forma statement that " we find error " was rendered in favor of the Plaintiff
on November 21, 2011.

28. Plaintiff was issued approximately 50-60+ NOPV's. Evidence of 45 NOPV's were
found in Plaintiff's records. Plaintiff believes he cannot locate some NOPV records at
this time to list. Regardless, all of said perjurious NOPV's issued against Plaintiff for
improper registration - commercial vehicle were dismissed. 3 NOPV's were
dismissed after a stressful, time consuming and costly appeal. Said approximately 15
years of torts are relevant to Plaintiff's cause of actions and to the continuous tort
doctrine (Dana v Oak Park Marina (197, 4th Dept 230 AppDiv 2d 204; Drury v
Tucker, 210 A.D.2d 891, (4th Dept 1994) and are therefore not time-barred. A list of
Notice of Parking violations issued by agents of the City of New York is as follows:,
12.19.99 # 341558774-5, 1.20.00 # 3421551996-0, 4.13.00 # 341556273-6, 11.22.00
# 345184452-7, 1.26.01 #349839288-8, 2.27.01 # 351258059-2 & # 351258060-9,
2.28.01 # 35190740-9 345190739-2 & #345190740-9, 5.01 # 354713187-0,
9.10.02 # #369133858-6, 10.22.02 #375447830-4, 5.2..03 #38042222254-7,
9.12.03 #383974449-0, 1.17.04 # 388220429-1, 3.23.04 # 390399728-6,

3.29.04 # 390824615-5, 4.15.04 # 391479253-0, 4.27.04 # 391227496-4,
7.23.04 # 101165340-0, 12.04 # 104867122-7, 2004 # 388220430-8,
6.29.05 # 108162680-0, 4.06 #110045542-5, 4.06 #1100445543-7,
6.08.06 # 110048991-5 & # 110048992-7, 2006 # 110504976-0,
2006 # 110504972-3, 2007 # 113083901-1, 1.26.11 #130167173-3,
1.26.11 #130167174-5, 3.21.11 # 130657724-0, 4.28.11 # 131099184-4,
4.28.11 # 131099183-2, 9.8.12 # 709131544-3, 9.22.12 # 719269265-7,
4.9.13 # 7143965479, 6.20.13 # 7099920938-3, 8.2.13 # 708996789-0,
9.7.13 # 778822130-2, 9.27.13 # 712829316-4, 3.1.14 # 715433973-1,
8.26.14 # 800082801-7 and 9.12.14 # 801275013-2.

29. In an attempt to obstruct an investigation into ticket quotas and the perjurious
issuance of improper registration-commercial vehicle NOPV's, Queens Traffic North
Commanding Officer Michael Sileo libeled, slandered and defamed Plaintiff.
Despite Sileo's alleged 2012 instructions to his subordinates not to issue improper
registration - commercial vehicle NOPV's his agents issued eight more.
After years of no response to emails to Public Advocate Bill De Blasio and Leticia
James Plaintiff made a in person appearance at the Public Advocates office
demanding that Public Advocate take action to stop the enterprise from
engaging in the policy and practice of ticket quotas. In response to a Public
Advocate letter Michael Sileo states in his August 15, 2014 response :
" I am writing in response to your letter of August 8 regarding the summonses
issued to a van owned by Mr. Ralin. According to New York State law, a van of
the sort owned by Mr. Ralin may be registered as a passenger vehicle if it has, among
other things at least one seat or set of seat fittings installed behind the driver. As it is
not always apparent to traffic enforcement agents standing outside a van that even
though the seat is removed, the van was issued five summonses by members of the
Queens North Traffic Enforcement unit for improper registration (that us, for having
passenger plates on what seems to be a commercial vehicle.) In September of 2013,
Mr. Ralin brought his van to this office, and i was able to confirm that Mr. Ralin's
van did indeed have seat fittings and that even if the seat were removed, it would be
proper for Mr. Ralin's van to be registered as a passenger vehicle.".

30. Michael Sileo's August 15, 2014 letter makes knowingly false statements in an
attempt to blame the victim, justify perjury, protect the enterprise, obstruct an
investigation and retaliate demonize and victimize the victim. First, Plaintiff brought
his vehicle Queens Traffic North in September 2012 not September of 2013.
At no time did Sileo or his subordinate Harjinder Singh enter Plaintiff's vehicle or
observe " seat fittings " which allow for the removal of a seat. Plaintiff's vehicle has
only one rear auto seat permanently bolted to the floor. It cannot be removed unless
2 mechanics from inside and outside the vehicle remove 4 bolts. Michael Sileo's
statements that Plaintiff's vehicle has " seat fittings " and is responsible for removing
the rear auto seat is a libelous, slanderous and defamatory lie. It is unknown how

many people other than Gina Bull and Leticia James that these statements accusing the Plaintiff of causing the issuance of the NOPV's were made to.

31. It should also be noted when Sileo states in his August 15, 2014 letter: ... " on March 1, 2014 an agent assigned to this command issued a summons to Mr. Ralin's van for " improper registration". When Mr. Ralin informed me of this mistake, the agent who made the error and issued the summons was immediately reinstructed, and was specially and personally directed that she was never to issue an Improper registration summons to Mr. Ralin's van again. The March 1, 2014 NOPV was the 4th summons issued by Defendant R. Simmons. The 3rd NOPV issued by R. Simmons was after Sileo stated he instructed Simmons and others not to ticket Plaintiff's vehicle. Simmons issued 2 other perjurious NOPV's in 2012 prompting the inspection of Plaintiff's vehicle. Simmons committed perjury and allegedly disobeyed a direct order but still is as a Traffic Agent. Sileo's dismissal of the above listed NOPV's as mistakes and errors is a lie and contrary to his own alleged instructions and supervision of his subordinates. Sileo and Singh had refused Plaintiff's request for an official vehicle placard to stop the further issuance of said NOPV's. Plaintiff's request that photos be taken of any violation on Plaintiff's vehicle and to contact Sileo before issuing an improper registration NOPV have also been refused.

32. Mr. Sileo's response regarding " rear seats " addresses New York State Law. The NOPV's were issued for a NYC law violation. NYC code has 3 requirements for a vehicle to be defined as a commercial vehicle. While it is required that a traffic agent have access to the vehicle and look under the rear seat to determine if the seat is bolted or connected to seat fitting, the other requirements do not require vehicle access to verify. According to NYC law a vehicle cannot be deemed a commercial vehicle if it does not bear commercial plates. In addition, a vehicle cannot be deemed a commercial vehicle if it does not have commercial writing on the side of the door. As such, Sileo's statement to the Public Advocates concerning NYS Law which is not cited on the NOPV to the Public Advocate are an attempt to deceive and obstruct an investigation.

33. Michael Sileo's above mentioned statements that Plaintiff removes the rear seat is libelous, slanderous and defamatory. Said statement accuses the Plaintiff for being responsible for the issuance of improper registration NOPV's. Said lies has damaged Plaintiff's reputation in the community. Sileo's statements has effected the Public Advocate perception of Plaintiff's character as it is stated that she will not further advocate on behalf of the Plaintiff based on Sileo's August 15, 2014 written response. Due to the fact that photos of the bolted installation of the rear seat were fowarded to Gina Bull and Leticia James of the Public Advocate it obvious that the irrefutable evidence (that there are no seat fittings) is being ignored based on Sileo's lies. It should be noted that Sileo received photos of the rear seat bolts prior to the August 15, 2014 letter proving that he had evidence that the rear seat does

not have seat fittings (enabling its easy removal by button or latch). Mr. Sileo and his subordinates never gained access to Plaintiff's vehicle to have any basis to accuse Plaintiff of removing the seat by way of a seat fittingsdevice.

34. As a result of numerous online complaints to Mayor De Blasio, Plaintiff was asked to provide the vehicle to Jacquelin Guevara of NYPD traffic and her Lieutenant C Katsabanis for inspection on or about March 18, 2015. Despite 15 years of internal affairs complaints, no independent investigation was conducted. Instead, the conflict of interest investigation was referred back to NYPD traffic. Katsabanis entered Plaintiff's vehicle and inspected under the rear auto seat and stated on video tape that there are no seat fittings and that there is only bolts installed. As such Michael Sileo's fraudulent statements that Plaintiff removes the rear seat via seat fittings is again proved a defamatory lie. Plaintiff's request to J. Guevara for a report of the investigation findings have been refused. There appears to be no action taken against any City of New York agent for the issuance of perjurious NOPV's, ticket quotas or lying to the Public Advocate to obstruct an investigation.

35. NYS Courts have allowed the recipient of large amounts perjurious NOPV's to recover damage for harassment under 42 U.S.C. § 1983 as in Manti v New York City Transit Authority et al 121 Misc. 2d 824 (N.Y. Misc. 1983), 165 A.D. 2d 373; 568 NYS 2d 16 (1st Dept. 1991).

36. Defendants' 15 year conduct of the perjurious issuance the of NOPV's under Color of Law without fact or law, stated libel, slander, defamation, and all other above mentioned actions and inactions are " extreme and outrageous " ,

37. Plaintiff has a right to travel and engage in commerce. Defendants' through their constant attempts to fine and seize Plaintiff's assets/vehicle threaten said rights. Schactman v. Dulles 96 App DC 287, 225 F2d 938, at 941.

38, Defendant, City of New York as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline Police Officers, Traffic Enforcement Agents and Parking Control Specialists, including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing Defendants in this case to continue to engage in unlawful conduct.

39. The Defendants acting under the color of law deprived the Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States, under the 5th amendment, is an abuse of process, violates the right to liberty and pursuit of happiness, right to travel etc. - 42 U.S.C. § 1983, 18 U.S.C. § 245, 18 U.S.C. § 242.

40. By Defendants' above mentioned actions, Defendants have deprived Plaintiff's of

rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, 18 U.S.C. § 1961-68 for violations under "RICO "- Racketeering, and 18 U.S.C. § 1951 for violations under the Hobbs Act.

41. On a matter unrelated to Plaintiff's vehicle, Plaintiff filed a notice of claim seeking damages and court orders concerning the City of New York's failure to maintain road and sidewalk infrastructure. Said neglect has become a danger to the health and safety of pedestrians and motorists. Said damages to New York City roadways cause unnecessary damages to vehicles using NYC roadways.

42. The City of New York through the New York City Department of Transportation, other agencies and agents are negligent and causing hazards to property and life by their willful neglect to repair the New York City road and sidewalk infrastructure. Roads and sidewalks throughout the five boros of manhattan, queens, brooklyn, bronx and staten island have been neglected for many years. Sporadic pothole fills do not adequately repair the rough, cracked, pitted and potholed roads. Potholes and cracked and damaged streets are a danger to driver, cyclists and pedestrians health and safety. Said damaged road cause drivers to lose control of their vehicles. There appears to be no effort by the City of New York to survey, document, map and repair said hazardous conditions which cause millions of dollars in damages to vehicles, injuries to pedestrians and probably even deaths.

43. Some example of the road infrastructure neglect by the City of New York are stated as follows on their website - include but are not limited to: " Potholes - Circular-shaped shallow holes where the pavement has worn away. Cave-ins - Irregular-shaped deep holes where the street has collapsed. Utility damage - Street surfaces opened by utility companies and not restored to their original condition, such as asphalt piled too high or too low or a repaired patch that has developed a pothole or cave-in. Manhole covers and other street hardware defects - Missing, damaged, raised, or noisy  street hardware, as well as asphalt or concrete defects around them. The City also accepts requests to resurface streets that are rough, cracked, or pitted beyond repair."

44. The cause of the infrastructure collapse / neglect has been reported on CBS news on April 24, 2014 : " Councilman Dan Garodnick (D-Manhattan), is challenging de Blasio's decision to cut the city's road resurfacing budget from $244 million to $127 million.".

45. Plaintiff seeks an order directing the City of New York to repave dangerous  roads that are beyond pothole patch  repair solutions. Plaintiff seeks an order denying the City of New York Federal funding for roads if they refuse to apply those funds to properly repair NYC roads and streets.

AS A FIRST CAUSE OF ACTION:
42 U.S.C. § 1983 - Intentional Infliction of Emotional Distress
against all Defendants officially, individually, jointly and severally

46. Plaintiff hereby restates paragraphs 1- 45 of complaint as though fully set forth below.

47. The Defendants' unrelenting 15 year issuances of false, fraudulent and perjurious
Notice of Parking Violations which under Color of Law accuses the Plaintiff of
violating New York State Department of Motor Vehicle - Vehicle and Traffic Laws,
Rules and Regulations, and NYC Traffic Law for Violation of Code 83 Traffic Rule
4-08 § (j)(1) for an improper registration for having no rear seats, Violation Code 78
Traffic Rule 4-08 § (k)(6) - for nighttime parking a commercial vehicle on a
residential street, and Violation Code 83 Traffic Rule 4-08 § (j)(1) for an improper
registration for gate divider is harassment and has resulted in extreme emotional and
physical distress to Plaintiff.

48. The Defendants' perjuriously issued NOPV's have caused Plaintiff to continue to
make approximately 45 or more unnecessary appearances in court despite the fact that
city agents were instructed that Plaintiff is in compliance with vehicle registration
laws. Deliberate actions and inactions of the Defendants' have caused Plaintiff to
spend much of his time and money to defend himself against each of these
knowingly false accusations of violating vehicle and traffic laws, rules and
regulations.

49. The City of New York and their agents and agencies' 15 year refusal to follow the
law, refusal to follow alleged direct orders of Michael Sileo to not issue improper
registration NOPV's against Plaintiff, and the criminal act of issuing perjurious
NOPV's in violation of NYS Penal Law 210.45 is extreme and outrageous and is
beyond the bounds of decency that can be tolerated by a civilized community.

50. The effect of this long-term pattern of harassment by Defendants' against Plaintiff has
caused injuries to Plaintiff, economic damages, mental, emotional
physical distress, pain and suffering, The long-term pattern of harassment by the City
of New York, their agents and agencies is a violation of the Civil Rights of Plaintiff
under 42 U.S.C. § 1983.

AS A SECOND CAUSE OF ACTION:
42 U.S.C. § 1983 - Harassment against all Defendants officially,
individually, jointly and severally

51. Plaintiff hereby restates paragraphs 1- 50 of complaint as though fully set forth below.

14

52. The Defendants' unrelenting 15 year issuances of false, fraudulent and perjurious Notice of Parking Violations which under Color of Law accuses the Plaintiff of violating NYC Traffic Rules for Violation of Code 83 Traffic Rule 4-08 § (j)(1) for an improper registration for having no rear seats, Violation Code 78 Traffic Rule 4-08 § (k)(6) - for nighttime parking a commercial vehicle on a residential street, and Violation Code 83 Traffic Rule 4-08 § (j)(1) for an improper registration for gate divider is harassment and has resulted in extreme emotional and physical distress.

53. The Defendants' perjuriously issued NOPV's have caused Plaintiff to continue to make approximately 45 or more unnecessary appearances in court despite the fact that city agents were instructed that Plaintiff is in compliance with vehicle registration laws.  The actions and inactions of the Defendants' have caused Plaintiff to spend much of his time and money to defend himself against each of these false accusations of violating vehicle and traffic laws, rules and regulations.

54. The City of New York and their agents and agencies' 15 year refusal to follow the law, refusal to follow alleged direct orders to not issue improper registration NOPV's against Plaintiff, and the criminal act of issuing perjurious NOPV's in violation of NYS Penal Law 210.45 is extreme and outrageous and is beyond the bounds of decency that can be tolerated by a civilized community.

55. The effect of this long-term pattern of harassment by Defendants' against Plaintiff has caused injuries to Plaintiff, economic damages, mental, emotional physical distress, pain and suffering, The long-term pattern of harassment by the City of New York, their agents and agencies is a violation of the Civil Rights of Plaintiff under 42 U.S.C. § 1983.

56. Harassment against the City of New York and its agents is a legally recognized cause of action see: Manti v New York City Transit Authority et al 121 Misc. 2d 824 (N.Y. Misc. 1983), 165 A.D. 2d 373; 568 NYS 2d 16 (1st Dept. 1991).

57. If given due process, discovery, and a trial Plaintiff will prove a prima facie claim for harassment under 42 U.S.C. § 1983.

      AS A THIRD CAUSE OF ACTION:
      18 U.S.C. § 1961-68 for violations under "RICO "- Racketeering.
      and 18 U.S.C. § 1951 for  violations under the Hobbs Act –
      Against The City of New York, The New York City Police Department and
      The New York City Department of Finance officially, individually, jointly
      and severally

58. Plaintiff hereby restates paragraphs 1- 57 of complaint as though fully set forth below.

59. The City of New York, their agencies and agents (" Enterprise " ) have engaged in an illegal ticket quota extortion racket for over 15 years. The Enterprise has used illegal activities to harass, coerce and retaliate against its own agents to loot the citizens of New York City. The Enterprise has committed perjury to obtain fines and seize assets and vehicles. The Enterprise acts under Color of Law to create facts and laws that do not exist to extort revenues from the law abiding public.

60. As stated above, numerous New York Police Department officers have testified under oath as to the existence of the illegal ticket quota policy and practice. Many of said "whistle blowers " have been retaliated against for exposing ticket quotas or not meeting ticket quotas. Honorable police officers have been retaliated against, demoted, fired and even involuntary committed to a mental institution for refusing to participate in this illegal enterprise. The illegal ticket quota policy and practice is common knowledge and is reported frequently in the main stream media.

61. As evidenced in the actions mentioned above, the Enterprise coerced its agents to commit  Perjury (violation of Penal Law 210.45) to extort fines and sieze assets from the public.

62. As the above mentioned facts prove, there is an Enterprise using its agents and agencies in an illegal manner under Color of Law. Said pattern of perjury and extortion has been used against Plaintiff and the public for 15 years. The Enterprise then uses the extorted revenues for political purposes to influence elections.

63. Plaintiff seeks a court order to stop the Enterprise in engaging in further racketeering activities.

AS FOR A FOURTH CAUSE OF ACTION:
42 U.S.C. § 1983 – Abuse of Process
against all Defendants officially, individually, jointly and severally

64. Plaintiff hereby restates paragraphs 1- 63 of complaint as though fully set forth below.

65. The unrelenting 15 years of approximately 45 issuance of false, fraudulent and perjurious Notice of Parking Violations by Defendants against Plaintiff constitutes a regularly issued (abuse of) process.

66. Despite dismissals of all above mentioned and possibly more issued improper registration  commercial vehicle Notice of Parking Violations, Defendants continue to

issue perjurious NOPV's after Plaintiff's vehicle was inspected and deemed in compliance with all NYS and NYC passenger vehicle laws.

67. Due to the fact that numerous City of New York agents issued numerous perjurious NOPV's (Defendant R. Simmons issuing four and Michael Sileo's obstruction of a Public Advocate investigation are just two examples) after being ordered not to do so there is clear intent to do harm without excuse or justification in violation under Color of Law. Said agencies and their agents used the process in a perverted manner to obtain a collateral objective. By raising revenues for the Enterprise. City of New York agents get promoted and avoid retribution. By increasing revenues through ticket quotas the Enterprise then has more funds to influence public policy, fund their campaign donors' public projects and influence elections.

> AS FOR A FIFTH CAUSE OF ACTION:
> 42 U.S.C. § 1983 – Malicious Prosecution
> against all Defendants officially, individually, jointly and severally

68. Plaintiff hereby restates paragraphs 1- 67 of complaint as though fully set forth below.

69. Plaintiff as stated above has set forth a prima facie case for malicious prosecution.

70. Plaintiff was threatened with fines and asset/vehicle confiscations if he did not appear in court to respond to approximately 45+ perjurious NOPV's which were without any basis in fact or law, under the Color of Law.

71. Said "proceedings " were brought out of malice as City of New York were ordered to not issue said process because Plaintiff's vehicle was in compliance with all NYC passenger vehicle rules.

72. On one occasion an appeal was decided by mail despite an in person hearing request. Said decision illegally disappeared and Plaintiff won the in person appeal on the merits and had his extorted fine refunded. also, as to malicious intentional prosecution actions, on one NOPV ALJ Bradlee Biller ruled that Plaintiff had a rear seat. Then on a separate subsequent NOPV he ruled against Plaintiff causing Plaintiff to move to appeal. Plaintiff was successful in reversing said guilty verdict by ALJ Biller. The above mentioned malicious actions of Bruno Iciano, Alan Patricoff, Defendant R. Simmons, Janet Hayward, Defendant J.A. Hunte, Michael Sileo and other are further examples of actual malice which caused Plaintiff to respond in court and testify under oath or face legal consequences.

73. All of the above mentioned NOPV legal proceedings were adjudicated in favor of the Plaintiff, three of which were after monies were first extorted as a requirement to obtain an appeal.

74. As evidenced above there was no probable cause to demand that Plaintiff
appear in court and provide his personal papers / evidence for a law that does not
exist, based on perjury under the Color of Law.

AS FOR A SIXTH CAUSE OF ACTION:
42 U.S.C. § 1983 – Libel, Slander and Defamation
against all Defendants officially, individually, jointly and severally

75. Plaintiff hereby restates paragraphs 1- 74 of complaint as though fully set forth below.

76. Defendant Michael Sileo has made knowingly false , libelous, slanderous and
defamatory statements against Plaintiff to Gina Bull and Leticia James of the The
NYC Public Advocates office and possibly other unknown individuals and or agents
of the City of New York as outlined in Sileo's August 15, 2014 letter to the Public
Advocate. Said letter falsely accuses Plaintiff of having " seat fittings " in his vehicle.
Sileo further states without any basis in fact that Plaintiff removes the rear auto seat.
As stated above, Plaintiff's vehicle does not have seat fitting which allows for the easy
removal via a button or latch to remove seats. Plaintiff's vehicle is equipped with
a permanently bolted rear auto seat that has never been removed. Sileo fraudulently
in effect is stating that Plaintiff is the cause of the issuance of his subordinate's
perjurious NOPV's for improper registration for no rear seats. Sileo is fabricating
excuses as an explanation as to why his subordinates issued NOPV's after being
instructed by him not to do so. Sileo's statements besmirch and damage the reputation
of Plaintiff in the community and in effect obstructed a Public Advocate investigation.
As a result of Sileo's false statements, the Public Advocate did not advocate for
Plaintiff. In addition to general damages of Plaintiff's reputation there were special
damages of the costs related to the  further issuance of additional summonses. As
previously stated, Sileo was provided with pictures of the bolts and floor under the
rear auto seat prior to his letter to the Public Advocate. As such Sileo's statements
were malicious and intended to cause harm to Plaintiff's reputation to City of New
York officials and possibly other unknown NYPD agents and investigators.

77.. Defendants have falsely, fraudulently and perjuriously accused Plaintiff of violating
New York State Department of Motor Vehicle - Vehicle and Traffic Laws, Rules and
Regulations, and NYC Traffic Law for Violation of Code 83 Traffic Rule 4-08 § (j)
for an improper registration for having no rear seats, Violation Code 78 Traffic Rule
4-08 § (k)(6) - for nighttime parking a commercial vehicle on a residential street, and
Violation Code 83 Traffic Rule 4-08 § (j)(1) for an improper registration for gate
divider.

AS FOR A SEVENTH CAUSE OF ACTION:
An Order to repave Hazardous Street and Road Conditions against
the City of New York and The New York City Department
of Finance

78. Plaintiff hereby restates paragraphs 1- 77 of complaint as though fully set forth below.

79. As stated above, Plaintiff requests an order forcing the City of New York to repave
and repair hazardous and dangerous street and road conditions that are dangerous to
pedestrians, motorists and vehicles.

80. Plaintiff requests that the City of New York be ordered to survey document map and
repave said damaged roads and streets within the City of New York.

81. Plaintiff respectfully requests that should the City of New York fail to properly repair
said roads and streets that an order be issued against Defendants to return designated
funds it received and did not use to perform such street and road repairs.

AS FOR A EIGHTH CAUSE OF ACTION:
Restraining Order/Injunction Prohibiting the Further
Issuance of Improper Registration - Commercial Vehicle
Notice of Parking Violations Against Plaintiff's Vehicle
against all Defendants officially, individually, jointly and severally

82. Plaintiff hereby restates paragraphs 1- 81 of complaint as though fully set forth
below.

83. Plaintiff respectfully requests a restraining order preventing the City of New York
and its agencies and agents from issuing improper registration - commercial vehicle
Notice of Parking Violations on Plaintiff's above mentioned vehicle for the reasons
stated above.

84. Where there is a persistent pattern of police misconduct, as opposed to isolated
incidents, injunctive relief is appropriate - Hague v. CIO,307 U. S. 496. Pp. 416 U. S.
815-816.

85 . Plaintiff also requests an official NYPD vehicle window placard to prohibit and
prevent the further issuance of improper registration commercial vehicle NOPV's.

AS FOR A NINTH CAUSE OF ACTION:
Restraining Order/Injunction Prohibiting
The Policy and Practice of Ticket Quotas
against all Defendants officially, individually, jointly and severally

86. Plaintiff hereby restates paragraphs 1- 85 of complaint as though fully set forth below.

87. Judge Robert W. Sweet of Federal District Court in Manhattan allowed a ticket quota lawsuit to move foward against The City of New York, The New York City Police Department and its agents.

88. For the above mentioned facts and reasons, discovery and a trial should be held to present the court with witness testimony as to existence of the policy and practice of ticket quotas by the City of New York, their agencies and agents.

89. Plaintiff respectfully requests that a restraining order / injunction be issued against Defendants barring them from engaging in the policy and practice of ticket quotas.

AS FOR A TENTH CAUSE OF ACTION:
18 U.S.C. § 242 Denial of Rights Under Color of Law
against all Defendants officially, individually, jointly and severally

90. Plaintiff hereby restates paragraphs 1- 89 of complaint as though fully set forth below.

91. Defendants fabricated facts and laws which do not exist which forced Plaintiff to produce papers secured under the 4th amendment without probable cause. Had Plaintiff not produced his secured papers before the court, Defendants would have confiscated his assets and sold his vehicle.

92. Defendants above mentioned conduct and actions denied Plaintiff's 5th amendment due process rights, right to travel (Thompson v. Smith, 154 SE 179), inter/intra state commerce, 4th amendment right to be secure in his papers without probable cause of a violation of law, equal protection clause under the 14th Amendment etc.

93. Defendant's long term pattern of perjurious allegations that Plaintiff is violating laws that to not exist deprived Plaintiff of his life liberty and pursuit of happiness.

AS FOR A ELEVENTH CAUSE OF ACTION:
18 U.S.C. § 245 Denial of Rights Under Color of Law
against all Defendants officially, individually, jointly and severally

94. Plaintiff hereby restates paragraphs 1- 93 of complaint as though fully set forth below.

95. Defendants' 15 year campaign of perjurious NOPV's under Color of Law intimidated and interfered with Plaintiff's ability to enjoy life liberty and the pursuit of happiness. Plaintiff could have been enjoying a day in a federal park but was instead forced to waste time and resources before an Administrative Law Judge for Defendants' facts and laws that do not exist. Plaintiff could have spent the last precious days caring for his sick and dying parents / loved ones but instead was forced to address the never ending requests to engage in (due) " process " of which was previously adjudicated (approximately 50 times) in Plaintiff's favor. Defendants' 15 year conduct under Color of Law has ruined Plaintiff's life.

> AS FOR A TWELFTH CAUSE OF ACTION:
> 42 U.S.C. § 1983 Denial of Rights Under Color of Law
> against all Defendants officially, individually, jointly and severally

96. Plaintiff hereby restates paragraphs 1- 95 of complaint as though fully set forth below.

97. Defendants' 15 year issuance of approximately 50 perjurious NOPV's under Color of Law of which all were dismissed by an Administrative Law Judge violated Plaintiff's 5th Amendment Rights and Equal Protection Clause under the 14th Amendment.

98. Defendants issuance of NOPV's is the first step in the process of asset seizure for failure to prevail after trial or pay the fine. As such Plaintiff was under the constant threat of losing his vehicle and right to travel.

## **REQUESTED RELIEF**

99. WHEREFORE, Plaintiff, Brad Ralin, Individually, respectfully requests that this Honorable Court will grant judgment against Defendants as hereinafter set forth:

   1. On the First Cause of Action against all Defendants (officially, individually, jointly and severally), economic, compensatory, punitive, general, special exemplary and plenary damages in the amount of One Million Dollars or an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

   2. On the Second Cause of Action against all Defendants (officially, individually, jointly and severally), economic, compensatory, punitive, general, special exemplary and plenary damages in the amount of One Million Dollars or an

amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3. On the Third Cause of Action, against The City of New York, The New York City Police Department and The New York City Department of Finance officially, individually, jointly and severally, for punitive damages and all treble damages based on compensatory damages per *RICO* statute and / or the Hobbs Act in the amount of One Million Dollars or as allowed by law to be determined at trial;

4. On the Fourth Cause of Action against all Defendants (officially, individually, jointly and severally), economic, compensatory, punitive, general, special, exemplary, and plenary damages in the amount of One Million Dollars or in an amount to be determined at trial;

5. On the Fifth Cause of Action against Defendants' The City of New York, The New York City Police Department, and The New York City Department of Finance officially, individually, jointly and severally), economic, compensatory, punitive, general, special, exemplary. and plenary damages in the amount of One Million Dollars or in an amount to be determined at trial;

6. On the Sixth Cause of Action against ~~Defendants'~~ ALL ~~The City of New York, The New York City Police Department, and The New York City Department of Finance~~ officially, individually, jointly and severally), economic, compensatory, punitive, general, special, exemplary and plenary damages in the amount of One Hundred Thousand Dollars or in an amount to be determined at trial;

7. On the Seventh Cause of Action against Defendant The City of New York, an order forcing Defendant to repave all damaged and hazardous streets and roads. An order forcing Defendant to return all Federal funds its obtained for road repair that it refused to use for said designated purpose.

8. On the Eighth Cause of Action against all Defendants (officially, individually, jointly and severally) - a Restraining Order / Injunction prohibiting the further issuance of improper registration NOPV's and the issuance of an official NYPD vehicle window placard instructing City agents that Plaintiff's vehicle is a properly registered passenger vehicle.

9. On the Ninth Cause of Action against all Defendants (officially, individually, jointly and severally) - a Restraining Order / Injunction prohibiting the Defendants from engaging in the policy and practice

of ticket quotas.

10. On the Tenth Cause of Action against all Defendants (officially, individually, jointly and severally), economic, compensatory, punitive, general, special, exemplary, and plenary damages in the amount of One Million Dollars or in an amount to be determined at trial;

11. On the Eleventh Cause of Action against all Defendants (officially, individually, jointly and severally), economic, compensatory, punitive, general, special exemplary, and plenary damages in the amount of One Million Dollars or in an amount to be determined at trial;

12. On the Twelfth Cause of Action against all Defendants (officially, individually, jointly and severally), economic, compensatory, punitive, general, special exemplary, and plenary damages in the amount of One Million Dollars or in an amount to be determined at trial;

13. Against all Defendants (officially, individually, jointly and severally) for all compensatory and punitive damages for pain and suffering etc, in an amount to be determined at trial;

14. Against all Defendants (officially, individually, jointly and severally) for prejudgment interest as allowed by law;

15. For all costs of suit, including attorney fees, investigators and other related fees and costs pursuant to 42 U.S.C. § 1988;

16. For such other and further extraordinary declaratory and injunctive relief as this Honorable Court may deem just and proper on behalf of Plaintiff and others similarly situated and to preserve the *United States Constitution*.

17. For an Order against all Defendants (officially, individually, jointly and severally) seeking a permanent injunction and /or restraining order to prevent Defendants from  harassing Plaintiff or issuing any future Notice of Parking Violations against plaintiff and his current vehicle for an improper registration for no rear seats or other related improper registration Notice of Parking Violations;

18. For such other and further relief as this court may deem necessary, just and proper and in the interest of justice.

Dated: May 21, 2015

Brad Ralin
929-282-7508