```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BRAD RALIN,
                                                    ORDER

                         Plaintiff,         15-CV-02978 (KAM)(ST)

        -against-

THE CITY OF NEW YORK, et al


                         Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        *Pro se* plaintiff Brad Ralin ("plaintiff") commenced this action against the City of New York, the New York City Department of Finance, the New York City Police Department ("NYPD"), Michael Sileo, J.A. Hunte, Rosemary Simmons and John and Jane Doe, pursuant to 42 U.S.C § 1983 alleging, among other things, constitutional violations arising out of the issuance of multiple parking citations.  Presently, before the court is a motion for recusal.  For the reasons stated herein, the motion for recusal is denied.

        Plaintiff filed the complaint on May 21, 2015.  *See* ECF No. 1.  On September 24, 2015, a pre-motion conference was held to discuss defendants' proposed motion to dismiss.  At that conference, the court, at plaintiff's request, ordered defendants to instruct the NYPD to preserve all documents related to the

action; the court also found that plaintiff's requests for discovery and injunctive relief were premature.  *See* ECF Minute Entry, dated 9/24/2015.  Plaintiff was given twenty days to file a second amended complaint and defendants were ordered to file a status letter, a week after the second amended complaint was due, if they intended to move to dismiss the second amended complaint; the parties were instructed to include a mutually agreeable briefing schedule for the motion to dismiss.  *Id.*  Plaintiff filed his second amended complaint on October 13, 2015.  *See* ECF No. 23.  Defendants submitted a briefing schedule for the motion to dismiss on October 20, 2015,[1] which the court adopted on October 21, 2015.  *See* ECF No. 24 and Scheduling Order, dated 10/21/2015.  Plaintiff filed the present motion to recuse the court and Chief Magistrate Judge Gold on January 19, 2016, alleging primarily that the court and Magistrate Judge Gold were prejudiced and biased against plaintiff in their case administration decisions.  *See* ECF No. 29, "Mot. for Recusal".  Defendants did not oppose, or otherwise respond, to plaintiff's motion for recusal.

A district court judge must recuse herself "in any

---

[1] Defendants indicated that, prior to filing their status letter, they made two attempts to contact plaintiff for consent as to the briefing schedule but plaintiff did not respond.

proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or where "[she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *Liteky v. United States,* 510 U.S. 540, 547 (1994). Under § 455(a), the moving party must demonstrate an "objectively reasonable basis for questioning a judge's impartiality." *In re I.B.M. Corp.*, 45 F.3d 641, 644 (2d Cir. 1995). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky,* 510 U.S. at 558*; ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107–08 (2d Cir. 2012) ("The question, as we have put it, is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" (quoting *United States v. Carlton,* 534 F.3d 97, 100 (2d Cir. 2008)). Under § 455(b)(1), recusal is mandated only where the district court harbors actual prejudice or bias against a party. *See Liteky*, 510 U.S. at 547.

Plaintiff has not provided a single fact that suggests that an objective, disinterested observer would question either this court's or Judge Gold's impartiality. Further, all of

plaintiff's allegations of bias and prejudice are based on judicial rulings and routine case administration efforts.  The Second Circuit has made clear that "[r]ecusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'"  *S.E.C. v. Razmilovic*, 738 F.3d 14, 29-30 (2d Cir. 2013), *as amended* (Nov. 26, 2013) (citing *Liteky*, 510 U.S. at 556).

Plaintiff alleges that the court showed bias when it allowed defendants to file a motion to dismiss rather than having the case proceed to discovery and then to trial.  Mot. to Recuse at ¶ 6.  Plaintiff also contends that the court only provided him with twenty days to amend his complaint while giving defendants sixty days to file their answer.  Mot. to Recuse at ¶ 5.  First, defendants are entitled to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b).  Thus, that the court permitted defendants to file a motion to dismiss by itself shows no bias or prejudice.  Further, that

plaintiff was unhappy with the court's case management decisions is not a basis for recusal.  *See Razmilovic*, 738 F.3d at 29-30 ("[r]ecusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses'") (citing *Liteky*, 510 U.S. at 556).  Plaintiff was free to seek an extension of time to file his second amended complaint if the twenty days allotted was insufficient, but he chose not to do so.  Plaintiff apparently did not need extra time to prepare his second amended complaint as it was timely filed.

Plaintiff further alleges that the court threatened him with sanctions "if there was no irreparable harm" relating to his request for injunctive relief and "for any attempt to stop the ticket quota criminal enterprise."  Mot. for Recusal at ¶¶ 4, 8.  These allegations are baseless.  The court found at the September 24, 2015 pre-motion conference, that plaintiff's requests for discovery and injunctive relief relating to the NYPD's alleged quota system were premature.  *See* ECF Entry dated September 24, 2015.  Further, the court directed the City of New York to instruct the NYPD to preserve all documents related to plaintiff's claims and defendants' defenses.  *Id.*  Even assuming

5

the court had "threatened" plaintiff with sanctions, both represented and *pro se* parties may be sanctioned for baseless submissions.

Plaintiff has not identified any pattern of actions by the court that would contribute to an appearance of partiality. *See In re Basciano*, 542 F.3d 950, 955 (2d Cir. 2008) (affirming denial of motion for recusal where party did not "identify any pattern of actions . . . that would contribute to an appearance of an absence of impartiality"). Nothing in the record suggests that an objective, disinterested observer would question either this court's or Magistrate Judge Gold's[2] impartiality. Since plaintiff has failed to identify a single fact that would cause one to reasonably question the court's impartiality under §455(a), he also fails to satisfy § 455(b)(1)'s requirement that he present evidence showing that the court has actual prejudice or bias against him. *See United States v. Daley*, 564 F.2d 645,

---

[2] Plaintiff's sole allegation against Chief Magistrate Judge Gold is Judge Gold's failure to respond to a request that the court "issue an order that the NYPD cease and desist from the destruction of all ticket quota documentary and evidence." *See* ECF No. 12 and Mot. to Recuse at ¶ 7. As discussed, this court addressed plaintiff's request as to evidence preservation at the September 24, 2015 pre-motion conference. Thus, the allegation that the court showed bias by failing to address plaintiff's evidence preservation concerns, like all the other allegations, is void of any indicia of bias. In any event, this case was reassigned from Magistrate Judge Gold to Magistrate Judge Tiscione for administrative reasons on March 28, 2016 and therefore plaintiff's motion to recuse Magistrate Judge Gold is moot. *See* ECF Entry dated March 28, 2016.

651 (2d Cir. 1977) (finding that § 455(b)(1) was not satisfied where [t]here was no showing or even suggestion that [the court] had [] "personal bias").

Consequently, for the reasons stated herein, plaintiff's motion to recuse this court and Magistrate Judge Gold is hereby denied.

**SO ORDERED.**

Dated:  May 25, 2016
        Brooklyn, New York

                                                  ___/s/_____
                                                  Kiyo A. Matsumoto
                                                  United States District Judge