UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

BRAD RALIN,

                *Plaintiff*,

   -against-

CITY OF NEW YORK*, et al.*

              *Defendants*.

----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

15-CV-2978(KAM)(ST)

**KIYO A. MATSUMOTO, United States District Judge:**

        Presently before the court are plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Steven L. Tiscione, filed on August 28, 2017, recommending that defendants' motion to dismiss the complaint should be granted. (Report and Recommendations re Notice of Motion to Dismiss for Failure to State a Claim, dated August 28, 2017 ("R&R"), ECF No. 53 at 1.) Plaintiff *pro se* Brad Ralin objected to the R&R. (Plaintiff's Objections to Report and Recommendations, filed on September 25, 2017 ("Obj."), ECF No. 59.) For the reasons set forth below, the court adopts and affirms Judge Tiscione's thorough and well-reasoned R&R in its entirety.

## Background

        The court assumes familiarity with the factual and procedural background of this case, which is set forth in Judge

Tiscione's R&R. (R&R at 2-5.) As relevant here, plaintiff's Third Amended Complaint[1] (the "complaint" or "Compl.") describes what plaintiff alleges is a 15-year campaign of harassment, during which he has received more than 50 improper notice of parking violations for improper registration of his 1993 Ford E-150 van. (*See* Compl. at ¶¶ 3, 19, 27.) Plaintiff seeks approximately $8.3 million in damages. (Compl. at ¶ 235.)

In his R&R, Judge Tiscione concluded that the majority of plaintiff's federal claims were precluded by an earlier state case in which plaintiff had sought relief for the same issues, and recommended that plaintiff's other federal claims be dismissed for failure to state a claim. (*See* R&R at 4, 29.) Plaintiff requested, and was partially granted, two extensions of time to file his objections to the R&R. Pursuant to the extension, plaintiff timely filed his objections on September 25, 2017, 28 days after issuance of the R&R.[2]

---

[1] As Judge Tiscione notes, plaintiff did not file an Amended Complaint between his initial Complaint and Second Amended Complaint. (*See* R&R at 1 n.1)

[2] In his objections, plaintiff incorrectly claims he received only 10 days from the issuance of the R&R until his objections were due, and accuses the court of "bias and prejudice." (Obj. at 4.) Based on the August 28, 2017 entry of the R&R, plaintiff's objections were initially due on September 11, 2017. Plaintiff requested an extension to September 28, 2017, which the court granted in part by setting a revised deadline of September 20, 2017. (ECF No. 55; ECF Order of September 8, 2017.) In a letter received on September 14, 2017, plaintiff again requested an extension, mentioning, for the first time,

## Legal Standard

### A. Review of R&R

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The court notes that plaintiff's complaint, opposition to defendant's motion, and objections to the R&R are redundant, conclusory, and allege facts in no discernable order. Notwithstanding the confusing and repetitive nature of plaintiff's briefing, the court has undertaken a comprehensive *de novo* review of the R&R and record pursuant to 28 U.S.C. § 636(b)(1)(C).

### B. Motions to Dismiss

A plaintiff's complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the court evaluates the sufficiency of a complaint under a "two-pronged approach." *Ashcroft*, 556 U.S. 662, 679 (2009). First, courts are not bound to accept legal conclusions when examining the sufficiency of a complaint. *See id.* at 678

---

medical issues that made it difficult for him to file his objections. The court then granted plaintiff an additional extension until September 25, 2017. (*See* ECF No. 57 and Order of September 14, 2017.)

3

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Second, the court must assume all well-pleaded facts are true and then "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555-56. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## Discussion

Judge Tiscione construed plaintiff's complaint to assert the following claims: (1) intentional infliction of emotional distress ("IIED"); (2) harassment; (3) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (4) violations of the Hobbs Act; (5) malicious abuse of process; (6) malicious prosecution; (7) violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; (8) negligence; (9) municipal liability; (10) libel; and (11) slander. (R&R at 2-3.) The court agrees with Judge Tiscione that, particularly given the liberal pleading standards afforded to *pro se* litigants, *see Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016), the complaint can be fairly construed to allege these claims. Plaintiff, however, referring the court to the "separately

4

stated and numbered" causes of action in the complaint, objects that he never alleged causes of action for slander and libel, and so this court will restrict its review of the R&R to the other claims.[3]  (Obj. at p. 4, ¶ 5 (citing Compl. at ¶ 108 – ¶ 234).)

In the state case, plaintiff brought claims of IIED, harassment, defamation, slander, abuse of process, malicious prosecution, enforcement of an illegal ticket quota in violation of RICO, and related § 1983 claims.  (*See Ralin v. City of New York, et al.*, Sup. Ct., Queens County, July 5, 2005, Flug, J., index No. 1284-2005 at 3, ECF No. 47-2.).  As in the instant action, plaintiff's claims in his state case were predicated on a theory that the City and individual defendants were engaged in a revenue-generating scheme.  *See id.* at 2-3.  State Justice

---

[3] The causes of action specifically alleged in plaintiff's complaint are identical to Judge Tiscione's list, with the exception of libel and slander.  (*See* Compl. at ¶¶ 108-224 (listing the causes of action as (1) intentional infliction of emotional distress (Compl. at ¶ 108); (2) harassment (*id.* at ¶ 120); (3) RICO and Hobbs Act violations (i*d.* at ¶ 138); (4) malicious abuse of process (*id.* ¶ 150); (5) malicious prosecution (i*d.* at ¶ 158); (6) violations of the Fourteenth Amendment (*id.* at ¶ 169); (7) violations of the Fourth Amendment (*id.* ¶ 189); (8) violations of the Fifth Amendment (*id.* at ¶ 201); (9) violations of the First Amendment (*id.* at ¶ 209); (10) gross negligence (*id.* at ¶ 218); and (11) municipal liability claims (*id.* at ¶ 224).)  Although Judge Tiscione referred to plaintiff's claim of "Gross Negligence" as a claim of "negligence," the essence of the analysis, that plaintiff had not sufficiently alleged breach of a duty, is dispositive of any claims sounding in negligence.  (*See* R&R at 21.)

5

Flug granted summary judgment for the defendants. *Id.* at 5-8. Plaintiff availed himself of appellate review, but the Appellate Division affirmed Justice Flug's decision and judgment. *Ralin v. City of New York*, 44 A.D.3d 838, 839 (N.Y. App. Div. 2007). In his R&R, Judge Tiscione carefully reviewed each of plaintiff's claims in the instant action, and concluded that many were precluded by the state case.[4]

On its independent *de novo* review of the record and Justice Flug's opinion, the court concurs with Judge Tiscione that plaintiff's prior state action precludes most of plaintiff's federal claims in the instant action.[5] The court

---

[4] Although the R&R did not explicitly address plaintiff's First Amendment claim (*see* Compl. at ¶¶ 209-217), the court concludes, after a *de novo* review, that this claim must be dismissed for failure to state a claim on which relief can be granted. Plaintiff's retaliation claims are redundant to his other claims. Furthermore, based on the facts alleged, such as the failure of various city officials to respond to plaintiff's complaints regarding his parking tickets, plaintiff does not state a First Amendment claim.

[5] "Issues of . . . collateral estoppel may be decided on a motion to dismiss," and a district court may review matters of public record, such as Justice Flug's decision, in deciding a motion. *See Peralta v. St. Luke's Roosevelt Hosp.*, No. 14 CIV. 2609 KPF, 2015 WL 3947641, at *4 (S.D.N.Y. June 26, 2015) (citing *Cameron v. Church*, 253 F.Supp.2d 611, 617–24 (S.D.N.Y.2003) and *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998)); *accord Maysonet v. Citi Grp.*, Inc., No. 10 CIV. 4616 SAS, 2011 WL 476610 (S.D.N.Y. Feb. 9, 2011) ("When a motion to dismiss is premised on the doctrine of collateral estoppel, a court is permitted to take judicial notice of and consider the complaints and the record generated in both actions without having to convert the motion to dismiss into a summary judgment motion"

also agrees with Judge Tiscione that plaintiff's remaining allegations do not state federal claims on which relief can be granted. (*See* R&R at 26-27 (discussing Hobbs and Negligence-based claims).) As Judge Tiscione recommended, the court will deny plaintiff leave to re-plead. Re-pleading cannot cure the central defect affecting the majority of the claims in plaintiff's complaint, which is that his claims are precluded by the adverse decision in his prior state case. Furthermore, as discussed below, plaintiff's theory of the case appears to rest on a flawed understanding of the interplay between the New York City parking rules and New York State registration requirements.

*The Definition of "Commercial Vehicle"*

In his objections, plaintiff repeatedly reiterates arguments concerning the proper definition of a "commercial vehicle" for the purposes of New York City parking enforcement. Plaintiff refers to this issue as the "crux of the case," and argues that it distinguishes the instant action from the prior state court case. (*See, e.g.*, Obj. at pp. 2, 13-15.) He also argues that parking enforcement agents, administrative law judges, his lawyer and the judge in the prior state case, and Judge Tiscione, have all intentionally or negligently ignored

---

(quoting *Griffin v. Goldman, Sachs & Co.*, No. 08 Civ. 2992, 2008 WL 4386768, at *2 (S.D.N.Y. Sept. 23, 2008)).

7

applicable law relating to the proper definition of a "commercial vehicle." (*See, e.g.*, Obj. at pp. 2, 6, 7, 13, 18, 21, 28; Compl. at ¶¶ 12, 35, 44.) The court respectfully disagrees. The court's analysis of this issue, which does not alter the application of collateral estoppel, is set forth below for the benefit of the parties.

In New York State, pursuant to Department of Motor Vehicle ("DMV") regulations, vans must be registered as commercial vehicles, unless they have at least one "permanently installed" "seat or seat fitting[] . . . behind the driver," in which case they may be registered as a passenger vehicle. 15 NYCRR § 106.3(d). New York City Department of Transportation ("NYC DOT") rule 4-08(j)(1) makes it a violation to "park a vehicle . . . unless it is properly registered in accordance with the laws and rules of New York." 34 RCNY 4-08(j)(1) ("NYC DOT rule 4-08(j)(1)"). Plaintiff has been repeatedly – and erroneously – ticketed for improper vehicle registration pursuant to NYC DOT rule 4-08(j)(1); on the tickets, parking agents incorrectly claim that plaintiff's van has no "rear seat." Because plaintiff's van does have a rear seat, it is in compliance with the applicable registration requirements for a passenger vehicle (*see* 15 NYCRR § 106.3(d)), and plaintiff has successfully challenged the tickets he has received.

8

Plaintiff's complaint, however, is not simply that he has received parking tickets despite proper registration. Plaintiff contends that parking enforcement agents should only seek to enforce the definition of "commercial vehicle" found in the New York City parking rules, which define a commercial vehicle as one that has, *inter alia*, commercial plates. NYC DOT rule 4-01(b). Plaintiff's theory is that because his vehicle clearly has regular passenger plates, not commercial plates, parking enforcement agents should be able to tell immediately that he is not in violation of NYC parking laws and, therefore, he should never have received any tickets under NYC DOT rule 4-08(j)(1), regardless of whether or not his van has a back seat. (*See* Comp. at ¶ 4; Obj. at p. 6 ("To properly enforce § 4-08(j)(1) [] agents do not need vehicle access they simply need to look at the license plate bolted to the exterior of the vehicle.")) Plaintiff believes that enforcement of rule 4-08(j)(1) based on the state registration rules, rather than on the city's definition of "commercial vehicle," is indicative of a conspiracy to enforce unlawful ticket quotas. (*See, e.g.*, Obj. at p. 2 ("The NYPD and NYC D[epartment of Finance Parking Violations Bureau] ALJ[]s acted in concert in a ticket quota system enterprise. They suppressed, rewrote and mis-cit[]ed material . . . in their enforcement and adjudication of

9

plaintiff's improper registration commercial vehicle [notices of parking violations]."))

Plaintiff's theory rests on a misunderstanding of the different roles played by the State DMV, which regulates registration, and the City DOT, which regulates city parking rules that may incorporate State DMV regulations. Thus, when parking enforcement agents enforce NYC DOT rule 4-08(j)(1), which prohibits parking in New York City without being "properly registered in accordance with the laws and rules of New York," they necessarily must do so by reference to the relevant state registration requirement. *See* 15 NYCRR § 106.3 (setting requirements for registration of a passenger vehicle). The definition of "commercial vehicle" in NYC DOT rule 4-01(b) applies to rules governing where commercial vehicles may park, and does not override New York State requirements for the types of vehicles that must be registered as "commercial." Although plaintiff's van should not receive registration-related tickets if is properly registered, parking enforcement agents must consider New York State registration requirements when enforcing Rule 4-08(j)(1).

**Conclusion**

For the foregoing reasons, the court respectfully denies plaintiff's objections to the R&R, and adopts Judge Tiscione's R&R in its entirety, pursuant to 28 U.S.C.

§ 636(b)(1). Accordingly, the court grants defendants' motion to dismiss. The Clerk of Court is respectfully directed to enter judgment in favor of defendants; send plaintiff copies of this decision, the judgment, and an appeals packet; note service on the docket; and close this case.

**SO ORDERED.**
Dated:   September 30, 2017
         Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge